UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Harry B. Bundy, Jr.,

        Plaintiff,

                                    Civ. No. 12-1436 (RHK/AJB)
                                    **ORDER**

v.

U.S. Bancorp and U.S. Bank
National Association,

        Defendants.

---

        This matter is before the Court *sua sponte.*

        This is an employment-discrimination action in which Plaintiff Harry B. Bundy, Jr., has sued his former employer, Defendant U.S. Bank National Association ("U.S. Bank").[1]  He commenced this action in May 2012 in the Hennepin County, Minnesota District Court, asserting claims of age and race discrimination, as well as retaliation, under the Minnesota Human Rights Act ("MHRA") and the St. Paul Civil Rights Ordinance (the "Ordinance").  Asserting diversity jurisdiction, U.S. Bank thereafter removed the action to this Court.

        On June 20, 2012, U.S. Bank moved to dismiss, noticing its Motion for a hearing on August 15, 2012.  The main thrust of its Motion was that Bundy's claims should be dismissed due to the "*per se* prejudice" it had suffered from the St. Paul Department of

---

[1] To be clear, Bundy has sued U.S. Bank as well as US Bancorp, which is claimed to be a holding company with no employees and of which U.S. Bank is (allegedly) an operating subsidiary.  (See Notice of Removal ¶ 7 & Ex. B.)  For ease of reference, the Court refers to Defendants jointly using the singular "U.S. Bank."

Human Rights and Equal Opportunity's lengthy delay in processing his administrative charge of discrimination. A short time later, Bundy filed an Amended Complaint (Doc. No. 7) as of right under Federal Rule of Civil Procedure 15(a)(1)(B). Besides continuing to assert claims under the MHRA and the Ordinance, the Amended Complaint added claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), predicated on the same conduct identified in the initial Complaint.

By amending his Complaint, Bundy has altered the procedural posture of this case. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000); accord, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). Accordingly, when a plaintiff files an amended complaint in response to a motion to dismiss, the motion is rendered moot. E.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); McCormack v. United States, No. 4:10-CV-1068, 2011 WL 2669447, at *3 (E.D. Mo. July 7, 2011); Doe v. Bd. of Regents of Univ. of Neb., No. 8:10CV85, 2010 WL 3312514, at *1 (D. Neb. Aug. 17, 2010). And if the defendant believes that certain of the claims in the amended complaint fail, it must file a new motion aimed at that pleading.

Nevertheless, the Court takes this opportunity to suggest that U.S. Bank to "think twice" before filing such a motion. Without opining on the merits of the arguments in U.S. Bank's now-moot Motion, the Court notes that they were predicated mainly on exhaustion/delay considerations applying *solely* (if at all) to the state-law claims. In other

words, if U.S. Bank were to re-aim those arguments at the Amended Complaint and succeed in obtaining dismissal of the state-law claims, this action – and its newly asserted *federal* claims – would remain.  Moreover, as U.S. Bank undoubtedly is aware, the federal and state claims are subject to the same analysis.  E.g., Guimaraes v. SuperValu, Inc., 674 F.3d 962, 972 (8th Cir. 2012) ("The same analysis applies to both Title VII and MHRA claims."); Chambers v. Travelers Cos., 668 F.3d 559, 566 (8th Cir. 2012) (same for MHRA and ADEA claims); Fisher Nut Co. v. Lewis *ex rel.* Garcia, 320 N.W.2d 731, 734 (Minn. 1982) ("[A] claim of discrimination under the St. Paul [Civil Rights] ordinance is governed by the standards developed under Title VII.").  Further, the discovery undertaken in this action will be the same for all of the claims in the Amended Complaint, as they are predicated on the same conduct.  In the Court's view, therefore, U.S. Bank will do little to advance this case towards its ultimate resolution if it files a new motion to dismiss asserting the same main arguments as its prior one.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that U.S. Bank's Motion to Dismiss (Doc. No. 6) is **DENIED AS MOOT**, without prejudice to U.S. Bank filing a motion to dismiss the Amended Complaint.  The hearing on the Motion to Dismiss, currently scheduled for August 15, 2012, is **CANCELED**.

Dated:  August 3, 2012               s/Richard H. Kyle
                                     RICHARD H. KYLE
                                     United States District Judge